PER CURIAM.
The judgment below finding a two-year-old child dependent as to his father is reversed because although there is evidence that the appellant was a user of cocaine, including in the presence of the child, there was no showing, as required, that this conduct caused any harm, to the child or that he was either in existing or imminent danger of neglect.[1] See J.B.M. v. Dep’t of Children & Families, 870 So.2d 946 (Fla. 1st DCA 2004).
Reversed and remanded.

. To the contrary, the only actual evidence as to the father’s parenting skills was the testimony of the child’s mother:
[Defense counsel]: And you mentioned to me that [C.M.] was always a good father to your child?
[Mother]: He, he is a great father to my son.
[Defense counsel]: And he provided you with clothes and—
[Mother]: He brought Pampers. He brought me clothes and shoes. He would never givé me money.
[Defense counsel]: And theré was never any domestic violence or anything between you.
[Mother]: No.
[Defense counsel]: And he never abused — I mean he never hit the child?
[Mother]: No.
[Defense counsel]: He is not a violent type of person?
[Mother]: No.
[[Image here]]
[Mother]: ... Then when he found out [about the child], when he was in jail.
Then when he got out, my baby was ten months old and he came around. He would come and get him and take him to the park, and buy things, and stuff like that.
[Judge]: And then after that did he go back into jail?
[Mother]: I think he went — I think I remember once’ he went back in jail, but it wasn’t for a long time. It wasn't for a long time.